UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAH LEVI CERVANTES,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security,<br><br>Defendant. | No. 1:22-cv-01565-JLT-GSA<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, TO DIRECT ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF**<br><br>**(Doc. 16, 18)** |

### I. Introduction

Plaintiff Micah Levi Cervantes ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income pursuant to Title XVI of the Social Security Act. The matter is before the undersigned for issuance of Findings and Recommendations based on the parties' briefs. Docs. 16, 18. After reviewing the record the undersigned finds that substantial evidence and applicable law support the ALJ's decision and recommends that the Court direct entry of judgment in favor of Defendant, against Plaintiff, affirming the decision of the Commissioner of Social Security.

### II. Factual and Procedural Background[1]

Plaintiff applied for supplemental security income alleging a disability onset date of April 20, 2020 as amended at the second hearing. AR 36–37. The Commissioner denied the application initially on July 6, 2020 and on reconsideration on August 27, 2020. AR 103, 112. Plaintiff appeared for a hearing before an Administrative Law Judge (the "ALJ") on May 27, 2021 (AR 61–67), and at a second hearing on October 26, 2021 (AR 31–60). On January 20, 2022 the ALJ issued

---

[1] The undersigned has reviewed the relevant portions of the administrative record including the medical, opinion and testimonial evidence about which the parties are well informed, which will not be exhaustively summarized. Relevant portions will be referenced in the course of the analysis below when relevant to the parties' arguments.

1

an unfavorable decision.  AR 12–30.  The Appeals Council denied review on October 11, 2022.  AR 1–6.

### III.   The Disability Standard

Pursuant to 42 U.S.C. §405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits.  "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted).  Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is more than a scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted).

When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and quotations omitted).  If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted).  "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a

sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically determinable "severe impairments," (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level. 20 C.F.R. § 416.920(a)-(f). While the Plaintiff bears the burden of proof at steps one through four, the burden shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy given her RFC, age, education and work experience. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

**IV.   The ALJ's Decision**

At step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended onset date of April 20, 2020. AR 17. At step two the ALJ found that Plaintiff had the following severe impairments: major depressive disorder and anxiety disorder. AR 18–19. The ALJ also determined at step two that Plaintiff had two non-severe impairments (obstructive sleep apnea and obesity), and one non-medically determinable impairment (back pain). AR 18–19. At step three the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 19–20.

Prior to step four, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded that Plaintiff had the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations: "the claimant can understand, remember, and carry out simple tasks; can make simple work-related decisions; and can have occasional work-related interactions with co-workers, supervisors, and the general public; and occasional changes in work setting." AR 19–23.

At step four the ALJ concluded that Plaintiff had no past relevant work. AR 23. At step five, in reliance on the VE's testimony, the ALJ concluded that Plaintiff could perform jobs existing in significant numbers in the national economy, namely: hand packer, sweeper, and marker. AR 24. Accordingly, the ALJ concluded that Plaintiff was not disabled at any time since his amended onset date of April 20, 2020. AR 25.

## V.     Issue Presented

Plaintiff asserts one claim of error: "that the ALJ erred in failing to resolve conflicts between the Vocational Expert testimony, the Dictionary Of Occupational Titles, and the ALJ's established mental RFC, resulting in an insignificant number of available jobs." Br. at 3, Doc. 16.

### A.     RFC; Conflict Between the VE's Testimony and the DOT

Before proceeding to steps four and five, the ALJ must first determine the claimant's residual functional capacity. *Nowden v. Berryhill*, No. EDCV 17-00584-JEM, 2018 WL 1155971, at *2 (C.D. Cal. Mar. 2, 2018). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96–8p.

In doing so, the ALJ must determine credibility, resolve conflicts in medical testimony and resolve evidentiary ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record such as medical records, lay evidence and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins,* 466 F.3d at 883. *See also* 20 C.F.R. § 404.1545(a)(3) (residual functional capacity determined based on all relevant medical and other evidence). "The ALJ can meet this burden by setting out a detailed and thorough summary of the

facts and conflicting evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

Pursuant to SSR 00-4p:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information

### B.  <u>Analysis</u>

Plaintiff disputes the ALJ's finding that he could perform the three jobs identified by the VE. Plaintiff explains as follows:

> Plaintiff maintains that, in the jobs cited, there are job requirements that are "essential, integral and expected" that obviously conflict with the RFC, and that the ALJ erred when he failed to resolve the conflict. Initially, Plaintiff notes that a review of the DOT reveals that the jobs of Hand Packer (DOT 920.587-018) and Marker (DOT 209.587-034) are each Reasoning Level 2 occupations. Reasoning Level two jobs require the employee to "apply common sense understanding and carry out *detailed*, but uninvolved written or oral instructions." *Dictionary of Occupational Titles*, App. C § III, 1991 WL 688702 (2016). Plaintiff maintains that the limitation to only simple and routine tasks is wholly incompatible with Reasoning Level two jobs.

Br. at 8, Doc. 16 (emphasis in original).

Plaintiff relies on *Rounds*, in which the Ninth Circuit found the ALJ committed harmful error in failing to resolve an apparent conflict between the ALJ's RFC (which limited the claimant to "one to two step tasks"), with the demands of jobs requiring Level Two reasoning (R2 jobs). *Rounds v. Comm'r of SSA,* 807 F.3d 996, 1003–04 (9th Cir. 2015)).  Here, by contrast, the RFC did

not limit Plaintiff to "one to two step tasks," but rather "simple tasks." AR 19. That distinction may seem trivial, but it was integral to the holding in *Rounds*:

> The ALJ's failure to reconcile this apparent conflict was not harmless. In his RFC assessment, the ALJ did not merely restrict Rounds to 'simple' or 'repetitive' tasks. Instead, he expressly limited her to 'one to two step tasks . . .

*Rounds*, 807 F.3d at 1004.

Similarly in *Davis* (cited by Defendant), the Ninth Circuit explained that "simple work is consistent with positions requiring Reasoning Level 2." *Davis v. Saul*, 846 F. App'x 464, 466 (9th Cir. 2021).

District courts and other circuit courts have similarly found no conflict between simple work and the demands of R2 jobs, though courts have held that a limitation to simple work is inconsistent with *R3 jobs*. *See, e.g. Meissl v. Barnhart*, 403 F. Supp. 2d 981 (C.D. Cal. 2005) (finding no conflict between limitation to simple/routine tasks and jobs with a reasoning level of R2); *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019) (same); *Kinney v. Berryhill*, No. CV 17-03758 AFM, 2018 WL 1145694, at *3 (C.D. Cal. Jan. 25, 2018) (finding conflict between RFC limitation to simple/routine tasks and jobs with a reasoning level of R3, but no conflict with R2 jobs, and finding harmless error where the VE identified one R3 job and two R2 jobs that the claimant could perform); *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (holding that "there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning").

Plaintiff cites no caselaw to the contrary. Rather, Plaintiff asserts that the conflict between "simple" tasks (as described in the RFC) and R2 jobs (described in the DOT as "detailed") is painfully obvious and instantaneously recognizable. However, this is refuted by the above-cited authority.

Accordingly, there is no basis to conclude that the ALJ committed error here.

## VI. **Recommendations**

For the reasons stated above, the undersigned recommends that the Court find that substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled. The undersigned further recommends that Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be denied, and that the Clerk of Court be directed to enter judgment in favor of Defendant Commissioner of Social Security and against Plaintiff Micah Levi Cervantes.

## VII. **Objections Due Within 14 Days**

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 14, 2024**                         **/s/ Gary S. Austin**
                                                                     UNITED STATES MAGISTRATE JUDGE