UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAH LEVI CERVANTES,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY[1],<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:22-cv-1565 JLT GSA<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S REQUEST TO AFFIRM THE ADMINISTRATIVE DECISION, AND DIRECTING ENTRY IN FAVOR OF DEFENDANT<br><br>(Docs. 16, 18, and 20) |

    Micah Levi Cervantes seeks judicial review of a final decision denying his application for supplemental security income under Title XVI of the Social Security Act. (Docs. 1, 16.) Plaintiff asserts the administrative law judge erred by failing to resolve a conflict between the testimony of a vocational expert and the *Dictionary of Occupational Titles*, based upon the reasoning level required for the work identified by the vocational expert. (*See generally* Doc. 16.) The Commissioner asserts there is no conflict between the vocational resources, and the decision should be affirmed. (Doc. 18.) For the reasons set forth below, the Court finds the limitations identified do not conflict with Reasoning Level 2, and Plaintiff's appeal from the administrative decision is denied.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

1

**I.      Decision of the ALJ**

In Plaintiff's residual functional capacity, the ALJ determined: "the claimant can understand, remember, and carry out simple tasks; can make simple work-related decisions; and can have occasional work-related interactions with co-workers, supervisors, and the general public; and occasional changes in work setting." (Doc. 12-1 at 24.) After obtaining testimony from a vocational expert, the ALJ determined Plaintiff could perform jobs existing in significant numbers in the national economy, including hand packer, DOT 920.587-018; sweeper, DOT 389.683-101; and marker, DOT 209.587-034. (*Id.* at 28.) Therefore, the ALJ concluded Plaintiff was not disabled. (*Id.* at 28-29.)

**II.     Findings and Recommendations of the Magistrate Judge**

Plaintiff asserts the limitation to "simple tasks" and "simple work-related decisions" precludes work as a hand packer and marker, because the positions require Reasoning Level 2. (Doc. 16 at 10.) Plaintiff argues, "the limitation to only simple and routine tasks is wholly incompatible with Reasoning Level two jobs," which the *Dictionary of Occupational Titles* indicates requires the ability to "apply common sense understanding and carry out detailed, but uninvolved written or oral instructions." (*Id.*, quoting Dictionary of Occupational Titles, App. C § III, 1991 WL 688702 (2016) [emphasis omitted].) Plaintiff contends there is an apparent conflict between the testimony of the vocational expert—who identified the work requiring Reasoning Level 2—and the *Dictionary of Occupational Titles*, and the ALJ erred in not resolving the conflict. (*Id.* at 10-11, citing *Rounds v. Comm'r Soc. Sec. Admin.*, 804 F.3d 996, 1042 (9th Cir. 2015).)

The magistrate judge rejected Plaintiff's contentions, noting that in *Rounds* the Ninth Circuit addressed a limitation to "one to two step tasks," rather than "simple tasks." (Doc. 20 at 5-6.) The magistrate judge noted the Ninth Circuit held that "simple work is consistent with positions requiring Reasoning Level 2." (*Id.* at 6, quoting *Davis v. Saul*, 846 F. App'x 464, 466 (9th Cir. 2021).) Further, the magistrate judge observed that "[d]istrict courts and other circuit courts have similarly found no conflict between simple work and the demands of [Reasoning Level 2] jobs." (*Id.*, citations omitted.) The magistrate judge found there is no apparent conflict, and "no basis to conclude that the ALJ committed error here." (*Id.*) Thus, the magistrate judge recommended that the Court find the ALJ's decision is supported by substantial evidence and Plaintiff's appeal be denied. (*Id.* at 7.)

### III. Objections

Plaintiff contends the finding of the magistrate judge "should be rejected." (Doc. 21 at 2, emphasis omitted.) Plaintiff maintains the ALJ erred because "the ALJ never inquired whether so-called simple work is compatible with jobs that require the ability to apply common sense and carry out *detailed* instructions." (Doc. 21 at 2.) According to Plaintiff, "[b]ecause the ALJ never inquired about the obvious differences between 'simple' and 'detailed,' the ALJ failed to resolve the obvious conflict between the two." (*Id.*)

Plaintiff also asserts that in his opening brief, he "pointed out that the ALJ failed to resolve the conflict between the ability to perform the reasoning Level Two occupations cited by the vocational expert where there is a limitation to so-called 'occasional changes in the work setting,' as found here." (Doc. 21 at 3.) He contends the magistrate judge failed to "offer an opinion regarding this apparent conflict." (*Id.*) Plaintiff argues, "because the assessed mental RFC limited Plaintiff to only occasional changes in the work setting, another conflict existed and remined unresolved." (*Id.*)

The Commissioner filed a response to the objections, asserting that "Plaintiff cites no authority – other than his own lay opinion – for the proposition that Reasoning Level 2 conflicts with an RFC for simple tasks." (Doc. 22 at 3.) The Commissioner maintains, "it is well established that there is no such conflict." (*Id.*, citation omitted.) Further, the Commissioner notes the vocational expert "confirmed that her testimony was consistent with the DOT." (*Id.* at 4, citing AR 56-57 [Doc. 12-160-61].)

### IV. Discussion

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

#### A. Vocational resources

At step five, the burden shifts to the Commissioner to show that Plaintiff can perform other substantial gainful activity and a "significant number of jobs exist in the national economy" that Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *see also Osenbrock v.*

*Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001) (discussing the burden shift at step five). To make this determination, the ALJ may rely upon job descriptions in the *Dictionary of Occupational Titles*, which classifies jobs by their exertional and skill requirements, and is published by the United States Department of Labor, Employment & Training Administration. *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); 20 C.F.R. § 416.966(d)(1). In the alternative, the ALJ may call a vocational expert "to testify as to (1) what jobs the claimant, given his or her functional capacity, would be able to do; and (2) the availability of such jobs in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999); see *also Social Security Ruling* ("SSR[2]") 00-4p, 2000 WL 1898704 at *2 ("In making disability determinations, we rely primarily on the DOT … for information about the requirements of work in the national economy.").

Pursuant to SSR 00-4p, occupational evidence provided by a vocational expert "generally should be consistent with the occupational information supplied by the DOT." *Id.*, 2000 WL 1898704 at *2. When there is a conflict between the testimony of the vocational expert and the *Dictionary of Occupational Titles*, "the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert testimony] to support a determination or decision about whether the claimant is disabled." *Id.* Further, SSR 00-4p, provides:

> At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the [vocational expert] evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the [vocational expert] is reasonable and provides a basis for relying on the [vocational expert] testimony rather than on the DOT information.

*Id.* Accordingly, the Ninth Circuit determined an ALJ must inquire "whether the testimony conflicts with the *Dictionary of Occupational Titles*," and may only rely upon conflicting expert testimony when "the record contains persuasive evidence to support the deviation." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

---

[2] Social Security Rulings are issued by the Commissioner to clarify its polices and regulations. Though they do not have the force of law, the Ninth Circuit gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989); *see also Ukolov v. Barnhart*, 420 F.3d 1002, 1005 n.2 (indicating SSRs are given deference "as long as they are consistent with the Social Security Act and regulations").

**B.      Vocational expert testimony**

The ALJ determined Plaintiff's "ability to perform work at all exertional levels has been compromised by non-exertional limitations." (Doc. 12-1 at 28.) The ALJ called a vocational expert, Esperanza Distefano, "[t]o determine the extent to which these limitations erode the occupational base of unskilled work at all exertional levels." (*Id.*) The ALJ asked the VE to consider "a hypothetical individual with the same age, education level and work experience as the claimant but this individual can understand, remember, and carry out simple tasks, can make simple work related decisions, can have occasionally work related interactions with coworkers, supervisors, and the general public and occasional changes in the work setting." (*Id.* at 60.) In response to the hypothetical—which corresponded to Plaintiff's RFC[3] —the VE opined "such an individual would be able to perform the job of a hand packer" (DOT 920.587-018), as well as the positions of sweeper (DOT 389.683-010) and marker (DOT 209.587-034). (*Id.* at 60-61.) The VE explained the identified positions "are representative," and it was "not an exhaustive list." (*Id.* at 61.) The ALJ inquired whether the VE's "testimony regarding this hypothetical [was] consistent with the Dictionary of Occupational Titles and its companion publication," to which the VE answered "yes." (*Id.*) As set forth above, Plaintiff disputes the fact that the VE's testimony is consistent with the *Dictionary of Occupational Titles*, because each of the positions require Reasoning Level 2. (Doc. 16.)

**C.      Reasoning Levels**

In the *Dictionary of Occupational Titles*, each job each job description includes a General Educational Development ("GED") definition that "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." *Salas v. Astrue*, 2011 WL 2620370 at *5 (E.D. Cal. June 29, 2011) (quoting *Grigsby v. Astrue*, 2010 WL 309013 at *2 (C.D. Cal. Jan. 22, 2010)). The GED includes a scale for "reasoning development," which ranges from Level 1 (low) to Level 6 (high). *Id.* The *Dictionary of Occupational Titles* indicates Reasoning Levels 1 through 3 require the following cognitive functioning:

> Level 1: Apply commonsense understanding to carry out simple one-or
> two-step instructions. Deal with standardized situations with occasional or

---

[3] Plaintiff does not challenge the hypothetical posed by the ALJ. (*See generally* Doc. 16.)

> no variables in or from these situations encountered on the job.
>
> Level 2: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.
>
> Level 3: Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

DOT- Appendix C, Section III, 1991 WL 688702; *see also Rounds*, 807 F.3d at 1002-1003.

   1. "Simple tasks"

Plaintiff relies upon the Ninth Circuit's decision in *Rounds* for support of his position that a limitation to "simple tasks" conflicts with work requiring Reasoning Level 2, because it requires an ability to perform "detailed instructions." (Doc. 16 at 10.) Notably, however, Reasoning Level 2, actually indicates it encompasses the ability to "carry out detailed *but uninvolved* written or oral instructions. DOT- Appendix C, Section III, 1991 WL 688702 (emphasis added).

Reasoning Level 1 restricts a claimant to jobs requiring no more than two-step instructions, while a claimant who can perform "uninvolved" instructions may perform work requiring additional instructions. *See Rounds*, 807 F.3d at 1044 (an RFC limiting a plaintiff to "one-to-two step tasks" is aligned with Reasoning Level 1). The Ninth Circuit explained, "Reasoning Level 1 jobs are elementary, exemplified by such tasks as counting cows coming off a truck, and someone able to perform simple, repetitive tasks is capable of doing work requiring more rigor and sophistication-in other words, Reasoning Level 2 jobs." *Lara v. Astrue*, 305 Fed. Appx. 324, 326 (9th Cir. 2008). Indeed, the Ninth Circuit indicated that "tasks with more than one or two steps" qualify as tasks with "detailed but uninvolved" instructions under the *Dictionary of Occupational Titles. Rounds*, 807 F.3d at 1003. Following *Rounds*, the Ninth Circuit held that "simple work is consistent with positions requiring Reasoning Level 2." *Davis v. Saul*, 846 F. App'x 464, 466 (9th Cir. 2021); *see also Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (comparing Reasoning Levels 2 and 3 "side-by-side," and finding a claimant's limitation to "simple jobs" was consistent with the Reasoning Level 2 ability "to carry out detailed but uncomplicated instructions and dealing with problems involving few variables," but in conflict with Reasoning Level 3).

The Ninth Circuit has repeatedly indicated the ability to perform "simple" work corresponds

6

with Reasoning Level 2 abilities. *See, e.g., Davis*, 846 F. App'x at 466; *Ranstrom v. Colvin,* 622 F. App'x 687, 688 (9th Cir. 2015) ("There is no appreciable difference between the ability to make simple decisions based on 'short, simple instructions' and the ability to use commonsense understanding to carry out "detailed but uninvolved … instructions,' which is what Reasoning Level 2 requires"). Consequently, courts also indicated there is not a conflict between simple work and Reasoning Level 2. *See, e.g., Abrew v. Astrue*, 303 F. App'x 567, 569 (9th Cir. 2008) (holding "there was no conflict between the ALJ's step five determination that Abrew could complete only simple tasks and the vocational expert's testimony that Abrew could do jobs that the U.S. Department of Labor categorizes at 'Reasoning Level 2'"); *see also Bradshaw v. Kijakazi*, 2022 WL 17500610, at *2 (9th Cir. Dec. 5, 2022) (observing that courts have held an ability to "perform 'simple and routine work tasks' … corresponds to Level 2 Reasoning and the 'detailed but uninvolved' work it entails"). As the Central District observed, "the weight of prevailing authority precludes a finding of any inconsistency between a reasoning level of two and a mere limitation to simple, repetitive tasks or unskilled work." *Coleman v. Astrue*, 2011 WL 781930, at *5 (C.D. Cal. Feb. 28, 2011).

For example, in *Ranstrom v. Colvin*, the Ninth Circuit considered a claimant who was limited to work that required "no more than simple decision-making on the part of the claimant." *Id.*, 622 Fed. App'x 687, 688 (9th Cir. 2015). The vocational expert opined that Ranstrom had the ability to perform work as hand packager, DOT 920.587-018. *Id.* Ranstrom argued there was a conflict between his RFC and the descriptions for the job in the *Dictionary of Occupational Titles*, because the hand packager position required Reasoning Level 2. *Id.* The Ninth Circuit disagreed, finding there was "no appreciable difference between the ability to make simple decisions based on 'short, simple instructions' and the ability to use commonsense understanding to carry out 'detailed but uninvolved … instructions,' which is what Reasoning Level 2 requires." *Id.* The Ninth Circuit concluded there was "no actual conflict between the RFC and the DOT." *Id.*

The matter before the Court is clearly analogous to the issues before the Ninth Circuit in *Ranstrom*. The ALJ determined with the RFC that Plaintiff is limited to "simple tasks" and "simple work related decisions," which is nearly identical to the RFC in *Ranstrom*. As in *Ranstrom*, the VE testified Plaintiff could perform work as a hand packager, DOT 920.587-018, and another position that

requires Reasoning Level 2. The Court finds there is not an apparent conflict between Plaintiff's RFC and the requirements of Reasoning Level 2, and Plaintiff is able to perform the positions identified. *See Ranstrom*, 622 F. App'x at 688-89. Plaintiff fails to show the ALJ erred at step five, and the findings of the magistrate judge are adopted.

### 2. "Occasional changes in the work setting"

In his objections, Plaintiff asserts that in his opening brief, he also raised the issue of a "conflict between the ability perform the reasoning Level Two occupations cited by the vocational expert where there is a limitation to so-called 'occasional changes in the work setting,' as found here." (Doc. 21 at 3.) He contends the magistrate judge failed to "offer an opinion regarding this apparent conflict." (*Id.*) However, a review of the opening brief indicates there was not a distinct argument made related to the allected conflict. Plaintiff stated:

> Plaintiff asserts first that Reasoning Level two occupations are inconsistent with the ability to carry out "detailed instructions." Plaintiff asserts that the difference between "simple" and "detailed" in painfully obvious, and should have been instantaneously recognizable. As such, the ALJ harmfully erred by failing to identify and resolve the apparent conflict. *Rounds v. Commissioner Social Sec. Admin.*, 804 F.3d 996, 1042 (9th Cir. 2015) *see, also, Steven Rodney C. v. Comm'r SSA*, 2:20-cv-017530-YY, 2022 WL 1469228 (D. Ore. May 10, 2022) at *3 (citing *Rounds* and *Bruster v. Saul*, No. 8:18-cv-02866-CMC-JDA, 2019 WL 4454527 (D.S.C. Aug. 2019)[], report and recommendation adopted No. CV 8:18 2866-CMC, 2019 WL 4447684 (D.S.C. Sept. 16, 2019) at *12 (highlighting the difference between R1 and R2 jobs and holding that the ALJ harmfully erred by failing to identify and resolve the conflict between R2 jobs and the MRFC limitation to "tolerate few changes in the routine work setting" because the "ALJ clearly limited Plaintiff to jobs with occasional or no variables, such as few changes in the routine work setting. It would be speculation for the Court to assume the vocational expert realized the apparent conflict between jobs at GED level 2 and the need to have a job with occasional or no variables[.]

(Doc. 16 at 10-11.) The Court is unable to find the citation to *Buster*—which was in fact a parenthetical citation for another case—is sufficient to conclude Plaintiff made a separate and distinct argument concerning an apparent conflict between the limitation to "occasional changes in the work setting" and Reasoning Level 2. *See Indpend. Towers of Wash. v. Wash.,* 350 F.3d 925, 929-30 (9th Cir. 2003) (bare assertions of an issue do not properly raise a claim).

Regardless, Plaintiff's claim of a conflict between the limitation to "occasional changes in the work setting," also fails on the merits. District Courts have repeatedly determined plaintiffs who can

deal with work changes on an occasional basis are not precluded from dealing with "a few concrete variables" as required under Reasoning Level 2.  *See, e.g.*, *Reyes v. Comm'r of Soc. Sec.*, 2018 WL 4204787, at *7 (E.D. Cal. Sept. 4, 2018) (finding no conflict between Reasoning Level 2 and "a work environment with no more than occasional changes in routine"); *Kelly P. v. Saul*, 2019 WL 3573591, at *5 (C.D. Cal. Aug. 6, 2019) (finding no obvious or apparent conflict between the Reasoning Level 2requirement of "a few concrete variables" and the ALJ's limitation of "minimal changes in the workplace setting or routine"); *Ward v. Comm'r of Soc. Sec. Admin*., 2023 WL 2425016, at *4 (D. Az. Mar. 9, 2023) (finding no apparent conflict between claimant's ability to "work with occasional routine changes in the work setting" as set out by the ALJ, and Reasoning Level 2).

Indeed, the Ninth Circuit rejected an argument similar to the one Plaintiff now raises in *Padilla v. Saul,* 852 F. App'x 277 (9th Cir. 2021).  Padilla argued that a conflict existed between his limitation to "occasional changes to essential job functions" and Reasoning Level 2 occupations identified by the vocational expert. *Padilla*, 852 F. App'x at 279.  The Ninth Circuit rejected the argument, holding that there was no obvious or apparent conflict between Reasoning Level 2 and Padilla's limitation to occasional workplace changes. *Id.*  Similarly, here, the Court concludes there is no apparent conflict between the limitation imposed by the ALJ and the ability to perform the positions identified by the VE requiring Reasoning Level 2.

**V.     Conclusion and Order**

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court conducted a *de novo* review of the case.  Having carefully reviewed the entire matter, including Plaintiff's objections, the Court finds the Findings and Recommendations are supported by the record and proper analysis.  Because ALJ applied the proper legal standards, and there is no apparent conflict, the administrative decision is affirmed.  *See Sanchez v. Sec'y of Health & Human Serv.,* 812 F.2d 509, 510 (9th Cir. 1987).  Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 20) are **ADOPTED**.
2. Plaintiff's motion for summary judgment and appeal from the decision denying benefits (Doc. 16) is **DENIED**.
3. Defendant's request to affirm the administrative decision (Doc. 18) is **GRANTED**.

4. The Clerk of Court is directed to terminate any pending motions; enter judgment in favor of defendant Martin O'Malley, Commissioner of Social Security, and against Plaintiff Micah Levi Cervantes; and to close this case.

IT IS SO ORDERED.

Dated:  **March 19, 2024**

UNITED STATES DISTRICT JUDGE